IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE L. PAYNE,<br><br>       Petitioner,<br>v.<br><br>JAMES DAVIS, Chairperson Board of Parole Hearings,<br><br>       Respondent. | No. C 06-5310 SBA (PR)<br><br>**ORDER DENYING RESPONDENT'S MOTION TO DISMISS PETITION AS UNTIMELY AND SETTING BRIEFING SCHEDULE**<br><br>(Docket no. 5) |

   Petitioner George L. Payne, filed the instant pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court is Respondent's motion to dismiss the instant petition for a writ of habeas corpus as untimely under 28 U.S.C. § 2244(d) -- the statute of limitations set by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Petitioner opposes the motion. Having considered all of the papers filed by the parties, the Court DENIES Respondent's motion to dismiss.

**BACKGROUND**

   In 1987, a Los Angeles County jury found Petitioner guilty of second degree murder while using a weapon. (Resp't Ex. 1.) On November 30, 1987, the trial court sentenced Petitioner to sixteen years to life in state prison. (Id.) In 1988, the California Court of Appeal affirmed the judgment of the trial court. (Pet. at 3.) In 1990, the California Supreme Court denied Petitioner's petition for review. (Id.)

   On April 7, 2004, the California Board of Parole Hearings[1] (Board) denied Petitioner parole at his third parole suitability hearing. (Pet. at 6.) On July 6, 2004, the Board issued its final decision denying parole for two years. (Resp't Ex. 2 at 64.) On September 13, 2004, Petitioner filed a state habeas petition challenging the Board's decision in the Los Angeles County Superior Court. (Resp't Ex. 3.) On November 2, 2004, the superior court denied the petition. (Id.) On January 4, 2005, Petitioner filed a state habeas petition in the California Court of Appeal. (Resp't Ex. 4.) On January

---

[1] The Board of Prison Terms was abolished effective July 1, 2005, and replaced with the Board of Parole Hearings. Cal. Penal Code § 5075(a).

14, 2005, the appellate court denied the petition. (Resp't Ex. 5.) On February 22, 2005, Petitioner filed a state habeas in the California Supreme Court. (Resp't Ex. 6 at 1.) On January 4, 2006, the supreme court denied the petition. (Resp't Ex. 7.)

On August 16, 2006, Petitioner filed a federal habeas petition with the Court challenging as a violation of his constitutional rights the Board's denial of parole.[2]

## DISCUSSION

The AEDPA, which became law on April 24, 1996, imposed a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1).

Section 2244's one-year limitations period applies to all habeas petitions filed by persons in "custody pursuant to the judgment of a State court," even if the petition challenges a pertinent administrative decision rather than a state court judgment. See Shelby v. Bartlett, 391 F.3d 1077, 1079 (9th Cir. 2003). For prisoners challenging the denial of parole, such as Petitioner, § 2244(d)(1)(D) applies. Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir. 2003). Pursuant to § 2244(d)(1)(D), the statute of limitations begins to run when the factual predicate of the claim could have been discovered through the exercise of due diligence. In Redd, the Ninth Circuit held that the factual predicate of a parole denial becomes discoverable when the decision becomes final. 343

---

[2] A federal or state habeas petition is deemed filed on the date the prisoner submits it to prison authorities for filing, rather than the date it is received by the courts. Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001), vacated and remanded on other grounds by Carey v. Saffold, 122 S. Ct. 2134 (2002). This is known as "the mailbox rule." Id. The Court applies the "mailbox rule" to deem the petition filed on August 16, 2006, the date it was signed.

F.3d at 1079. In the instant case, the date Petitioner's parole denial became final was on July 6, 2004. As a result, the statute of limitations expired a year later, on July 6, 2005. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (adopting "anniversary method;" absent any tolling, the expiration date of the limitations period will be the same date as the triggering event, but in the following year). Therefore, the instant federal habeas petition filed on August 16, 2006 -- almost one year after the limitations period had expired -- is untimely absent tolling.

A petition may be timely if the limitations period was tolled under 28 U.S.C. § 2244(d)(2) for a substantial period of time. The AEDPA's one-year limitations period is tolled under § 2244(d)(2) for the "'time during which a properly filed application for State post-conviction or other collateral review [with respect to the pertinent judgment or claim] is pending.'" Dictado v. Ducharme, 244 F.3d 724, 726 (9th Cir. 2001) (quoting 28 U.S.C. § 2244 (d)(2)). In Carey v. Saffold, 536 U.S. 214, 223 (2002), the Supreme Court held that the limitations period is also tolled during the time between a lower state court's decision and the filing of a notice of appeal to a higher state court. In California, where prisoners generally use the State's "'original writ' system," this means that the limitations period remains tolled during the intervals between a state court's disposition of an original state habeas petition and the filing of a further original state habeas petition in a higher court, provided the prisoner did not delay unreasonably in seeking review in the higher court. See id. at 220-25.

In California, the supreme court, intermediate courts of appeal, and superior courts all have original habeas corpus jurisdiction. Nino v. Galaza, 183 F.3d 1003, 1006 n.2 (9th Cir. 1999). Although a superior court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the court of appeal. Id. Likewise, if the court of appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the supreme court. Id. at 1006 n.3. Despite this unusual system, the time between a lower court decision and the filing of a new petition in a higher court is treated as "pending," so long as the petitioner did not "unreasonably delay" in seeking review. Carey, 536 U.S. at 221-23; accord Nino, 183 F.3d at 1006 (an application for collateral

3

review is "pending" in state court for "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application.") (citation omitted).[3] Thus, a federal court must determine "just when a [California] review application (i.e., a filing in a higher court) comes too late." Carey, 536 U.S. at 223. In other words, it must determine whether a petitioner "delayed 'unreasonably' in seeking [higher state court] review." Id. at 225. If so, the application would no longer have been "pending" during the period at issue. Id. If the state court does not clearly rule on a petitioner's delay, as is the case here, the federal court must evaluate all "relevant circumstances" and independently determine whether the delay was "unreasonable." Id. at 226.

In sum, the Supreme Court held in Carey that "(1) only a timely appeal tolls AEDPA's 1-year limitations period for the time between the lower court's adverse decision and the filing of a notice of appeal in the higher court; (2) in California, "unreasonable" delays are not timely; and (3) a California Supreme Court order denying a petition "on the merits" does not automatically indicate that the petition was timely filed." Evans v. Chavis, 546 U.S. 189, 197 (2006) (Ninth Circuit erred by departing from Carey when it found timely a California prisoner's request for appellate review made three years after the lower state court ruled against him). "In the absence of (1) clear direction or explanation from the California Supreme Court about the meaning of the term 'reasonable time' in the present context, or (2) clear indication that a particular request for appellate review was timely or untimely, the [Court] must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness." Id. Therefore, "the federal court must decide whether the filing of the request for state-court appellate review (in state collateral review proceedings) was made within what California would consider a 'reasonable time.'" Id.

---

[3] Nino concluded that the limitations period "remains tolled during the intervals between the state court's disposition of a state habeas petition and the filing of a petition at the next state appellate level." Nino, 183 F.3d at 1005. After Carey, this means that a state habeas petition is pending "in the absence of undue delay," while a California petitioner "complete[s] a full round of [state] collateral review" all the way to the California Supreme Court. Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (citation and internal quotations marks omitted).

4

The Court notes that sixty-nine days passed between July 7, 2004, when the limitations period began running, and September 13, 2004, when Petitioner filed his state habeas petition in superior court. Pursuant to Carey, Petitioner is entitled to statutory tolling of the limitations period for the entire time he was pursuing state collateral relief. In sum, the statute resumed running on January 4, 2006, the date the California Supreme Court's denial of Petitioner's state habeas petition was final, and ran until August 16, 2006, the date his federal petition was deemed filed, which is 224 additional days. Therefore, a total of 293 days (69 days plus 224 days) had elapsed before Petitioner filed his federal petition. Therefore, the Court finds that his federal petition is timely because it was filed seventy-two days (365 days minus 293 days) before the 365-day limitations period expired.

However, Respondent's position is that the sixty-three-day gap between the superior court's ruling and Petitioner's filing a petition in the California Court of Appeal as well as the thirty nine-day gap between the Court of Appeal's ruling and Petitioner's filing a petition in the California Supreme Court were periods of "unreasonable delay" and thus that the limitations period was not tolled for those periods. (Mot. to Dismiss at 3-4.)

"In most States a statute sets out the number of days for filing a timely notice of appeal, typically a matter of a few days. California, however, has a special system . . . . Under that system . . . a notice of appeal is timely if filed within a 'reasonable time'." Evans, 546 U.S. at 192-93 (citing In re Harris, 5 Cal. 4th 813, 828 n.7 (1993); Carey, 536 U.S. at 221). "The fact that California's timeliness standard is general rather than precise may make it more difficult for . . . courts to determine . . . when a review application . . . comes to late." Evans, 546 U.S. at 193 (quoting Carey, 536 U.S. at 223). "Nonetheless, the [Court] must undertake that task." Evans, 546 U.S. at 193. "California's system is sufficiently analogous to appellate systems in other States to treat it similarly." Id. (citing Carey, 536 U.S. at 222). "[I]n most states a prisoner who seeks review of an adverse . . . decision must file a notice of appeal . . . and the timeliness . . . is measured in terms of a determinate time period, such as 30 or 60 days." Evans, 546 U.S. at 192. In other words, "California's 'reasonable time' standard [should] not lead to filing delays substantially longer than those in States with determinate timeliness rules." Id. at 200 (citing Carey, 536 U.S. at 222-23). It is

clear that six months is not reasonable, because in Evans the Supreme Court noted that six months is far longer than the thirty to sixty days that most states provide for filing an appeal, and held that an unjustified or unexplained six-month delay between post-conviction applications in California is not "reasonable" and so does not fall within Carey's definition of the term "pending." Id.; see Gaston v. Palmer, 447 F.3d 1163, 1167 (9th Cir. 2006) (after Evans, revising original opinion in 417 F.3d 1030, 1040 (9th Cir. 2005), and finding no "gap tolling" during delays of 10, 15 and 18 months between California habeas petitions). It can also be fairly inferred from the Supreme Court's reference to the usual thirty or sixty day periods provided by states with determinate deadlines that a delay of sixty days would not be unreasonable. Thus the extremes of "reasonable time" have been set fairly clearly -- sixty days and six months.

The language in Evans referred to above -- that most states find thirty to sixty days to be reasonable -- seems to imply that delays are reasonable only if they are of roughly that magnitude, thirty to sixty days. More conclusive is the Supreme Court's statement that in determining whether a delay is reasonable "the [Ninth] Circuit must keep in mind that, in Saffold, we held that timely filings in California (as elsewhere) fell within the federal tolling provision *on the assumption* that California law in this respect did not differ significantly from the laws of other states, i.e., that California's 'reasonable time' standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules." Evans, 546 U.S. at 199-200 (citing Carey, 536 U.S. at 222-223). "California, of course, remains free to tell us if, in this respect, we were wrong." Evans, 546 U.S. at 200.[4]

In the instant case, the delays of sixty-three-days and thirty-nine-days to seek higher state court review are well within the "reasonable" delay of thirty to sixty days in Evans. Applying Evans, other California federal district courts, including this Court, have held that delays longer than those in the instant case were unreasonable. See Culver v. Director of Corrections, 450 F. Supp. 2d 1135, 1140-41 (C.D. Cal. 2006) (97-day and 71-day delays "unreasonable"); Dorthick v. Hamlet,

---

[4] No California case has held that the Supreme Court was wrong.

2007 WL 1430041, at *3 (N.D. Cal. 2007) (97-day and 174-day delays were unreasonable). Therefore, the Court finds that the sixty-three day and thirty-nine day time frames that Petitioner waited before seeking higher court review is tolled.[5]

Accordingly, Petitioner's federal habeas petition was filed within the one-year limitations period because he is entitled to statutory tolling of the entire period that he was pursuing state collateral relief. The statute of limitations in 28 U.S.C. § 2244(d)(1) does not bar the instant petition.

## **CONCLUSION**

For the foregoing reasons,

1. Respondent's motion to dismiss the petition as untimely (docket no. 5) is DENIED.

2. Respondent is directed to SHOW CAUSE why the petition should not be granted and the parties shall abide by the scheduling order below:

    a. Respondent shall file with the Court and serve upon Petitioner, no later than **sixty (60) days** of the date of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the Answer a copy of all portions of the relevant parole suitability hearing

---

[5] Respondent argues that Court should add the two time frames and consider as unreasonable "the 102-day [63 days plus 39 days] total delay between his state court petitions." (Reply at 1.) The Court finds unavailing Respondent's argument to add the two time frames together in its statutory tolling analysis. Even if the Court were to add the two time frames together and even assuming *arguendo* the 102-day delay was unreasonable, it is important to note that Respondent is not claiming that Petitioner was 102 days late in filing his federal habeas petition. Before Petitioner filed his state habeas petition in superior court, sixty-nine days elapsed. After Petitioner pursued state collateral relief, the limitations period would have then started to run again for 224 days from January 4, 2006, the date of the state supreme court's denial, until August 16, 2006, the date he filed his federal petition. According to Respondent's argument, a total of 395 days (69 days plus 102 days plus 224 days) of the limitations period would have elapsed, and Petitioner's federal habeas petition filed on August 16, 2006 would have been untimely by only thirty days. In any event, the Court has already determined that Petitioner's delays, considered separately, were reasonable and that he is entitled to tolling the entire time he was pursuing state collateral relief. Therefore, as mentioned above, the Court has found that a total of 293 days (69 days plus 224 days) had elapsed before Petitioner filed his federal petition. Accordingly, his federal petition is timely because it was filed seventy-two days (365 days minus 293 days) before the limitations period expired.

7

1  records and any other state records that have been transcribed previously and that are relevant to a
2  determination of the issues presented by the petition.

3        b.      If Petitioner wishes to respond to the Answer, he shall do so by filing a
4  Traverse with the Court and serving it on Respondent no later than **forty-five (45) days** of his
5  receipt of the Answer.  Should Petitioner fail to do so, the petition will be deemed submitted and
6  ready for decision **forty-five (45) days** after the date Petitioner is served with Respondent's Answer.

7        3.      It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the court
8  informed of any change of address by filing a separate paper with the Clerk of the Court headed
9  "NOTICE OF CHANGE OF ADDRESS," and comply with any orders of the Court within the time
10  allowed or ask for an extension of that time.  Failure to do so may result in the dismissal of this
11  action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  See Martinez v.
12  Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

13        4.      Petitioner is reminded that all communications with the Court, whether by way of
14  formal legal motions or informal letters, must be served on Respondent by mailing a true copy of the
15  document to Respondent's counsel.

16        5.      Extensions of time are not favored, though reasonable extensions will be granted.
17  However, the party making a motion for an extension of time is not relieved from his or her duty to
18  comply with the deadlines set by the Court merely by having made a motion for an extension of
19  time.  The party making the motion must still meet the deadlines set by the Court until an order
20  addressing the motion for an extension of time is issued.  Any motion for an extension of time must
21  be filed no later than **ten (10) days** prior to the deadline sought to be extended.

22        6.      This Order terminates Docket no. 5.

23  IT IS SO ORDERED.

DATED: March 31, 2008

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\HC.06\Payne5310.denyMTD(sol).frm         8

United States District Court
For the Northern District of California

1
2
3
4  UNITED STATES DISTRICT COURT
   FOR THE
5  NORTHERN DISTRICT OF CALIFORNIA

6
7  GREGORY L. PAYNE,                              Case Number: CV06-05310 SBA
              Plaintiff,
8                                                 **CERTIFICATE OF SERVICE**
      v.
9
   B. CURRY et al,
10
              Defendant.
11  _____/

12
I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
13 Court, Northern District of California.

14 That on April 7, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said
   copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said
15 envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
   located in the Clerk's office.
16
17
18
19 Gregory L. Payne D72559
   PO Box 689
20 Soledad, CA 93960

21 Dated: April 7, 2008
                                                  Richard W. Wieking, Clerk
22                                                By: LISA R CLARK, Deputy Clerk

23
24
25
26
27
28

United States District Court
For the Northern District of California