1
2
3
4

IN THE UNITED STATES DISTRICT COURT

5

FOR THE NORTHERN DISTRICT OF CALIFORNIA

6
GEORGE L. PAYNE,                                  )   No. C 06-5310 SBA (pr)
                                                  )
7                      Petitioner,                )   **ORDER DENYING PETITION**
        v.                                        )   **FOR WRIT OF HABEAS**
8                                                 )   **CORPUS**
   JAMES DAVIS, Chairperson, Board of Parole      )
9  Hearings,                                       )
                                                  )
10                     Respondent.                )
   _____)
11

12                              **INTRODUCTION**

13           Petitioner George Payne, a California state prisoner, filed this pro se petition for a writ of

14   habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenges a 2004 decision by the Board of

15   Prison Terms ("Board") that he is unsuitable for parole.[1]  Having reviewed the parties' respective

16   submissions and the underlying record, the Court concludes Petitioner is not entitled to relief based

17   on the claim presented and will deny the petition.

18                              **BACKGROUND**

19           The facts of the commitment offense are as follows.  In 1987, Petitioner, drugged with

20   cocaine and marijuana, killed his cocaine supplier by stabbing him eight times with a knife, and

21   beating him with a cane.  (Ans., Ex. 3, Part 1, Parole Hearing Transcript at 18-21.)  It appears that

22   Petitioner attacked the victim in a rage after the victim told Petitioner that he did not have any

23   cocaine.  (Id. at 20-21.)  At a trial on charges arising from this incident, Petitioner was convicted by

24   a Superior Court of Los Angeles jury of one count of second degree murder (Cal. Pen. Code § 187).

25   The jury also found that Petitioner had used a deadly weapon in committing the crime (id.

26   § 12022(b)).  (Ans. Ex. 1 (Judgment).)  The trial court sentenced Petitioner to a term of fifteen years

27

28

_____

[1] Petitioner, though convicted in Los Angeles, filed his action here in the Northern District
because he is currently incarcerated at Soledad State Prison, which is within the Northern District.

to life, plus one year.  (Id.)

In April 2004, the Board found Petitioner unsuitable for parole, on the ground he "would pose an unreasonable risk of danger to society or a threat to public safety if released."  (Ans., Ex. 3, Part 1 at 60.)  At the parole hearing, the Board reviewed Petitioner's record, including the circumstances of his commitment offense, his unstable social history, and the opposition of the Los Angeles District Attorney to parole.  (Id. at 60-62.)  The Board took into consideration several factors in Petitioner's favor, such as his satisfactory work history in prison, his continued participation in Narcotics Anonymous, and that none of his disciplinary citations were for violence. (Id. at 33-34, 38.)  After a full hearing, during which all of the above evidence was considered, the Board found Petitioner unsuitable for parole.  (Id. at 52.)

In response to the Board's decision, Petitioner filed state habeas petitions, later denied, in the superior, appellate, and supreme courts.  (Pet. at 4-5.)  The Los Angeles Superior Court gave the last reasoned state opinion.  In 2006, Petitioner filed the instant federal petition, alleging that (1) the Board's decision failed to comport with due process, (2) the Board failed to consider term setting, and (3) the Board's finding that Petitioner required more self-help is not supported by the record. (Order to Show Cause at 2.)  Petitioner's first and third claims will be considered together.

## DISCUSSION

### I.   Legal Standard

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court may grant a petition challenging a state conviction or sentence on the basis of a claim that was "adjudicated on the merits" in state court only if the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  A state court has "adjudicated" a petitioner's constitutional claim "on the merits" for purposes of § 2254(d) when it has decided the petitioner's right to post-conviction relief on the basis of the substance of the constitutional claim advanced, rather than denying the claim

1  on the basis of a procedural or other rule precluding state court review on the merits.  Lambert v.

2  Blodgett, 393 F.3d 943, 969 (9th Cir. 2004).

3          The Ninth Circuit has applied section 2254(d) to a habeas petition from a state prisoner

4  challenging the denial of parole.  See Sass v. Cal. Bd. of Prison Terms, 461 F.3d 1123, 1126-27 (9th

5  Cir. 2006); Rosas v. Nielsen, 428 F.3d 1229, 1232 (9th Cir. 2005) (per curiam); McQuillion v.

6  Duncan, 306 F.3d 895, 901 (9th Cir. 2002) (assuming without deciding that AEDPA deferential

7  standard of review under § 2254 applies to such decisions).

8          **A.      Section 2254(d)(1)**

9          Challenges to purely legal questions resolved by a state court are reviewed under

10 § 2254(d)(1), under which a state prisoner may obtain habeas relief with respect to a claim

11 adjudicated on the merits in state court only if the state court adjudication resulted in a decision that

12 was "contrary to" or "involved an unreasonable application of" "clearly established Federal law, as

13 determined by the Supreme Court of the United States."  Williams v. Taylor, 529 U.S. 362, 402-04,

14 409 (2000).  While the "contrary to" and "unreasonable application" clauses have independent

15 meaning, see id. at 404-05, they often overlap, which may necessitate examining a petitioner's

16 allegations against both standards, see Van Tran v. Lindsey, 212 F.3d 1143, 1149-50 (9th Cir. 2000),

17 overruled on other grounds, Lockyer v. Andrade, 538 U.S. 63, 70-73 (2003).

18

19          **1.      Clearly Established Federal Law**

20          "Clearly established federal law, as determined by the Supreme Court of the United States"

21 refers to "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of

22 the relevant state-court decision."  Williams, 529 U.S. at 412.  "Section 2254(d)(1) restricts the source

23 of clearly established law to [the Supreme] Court's jurisprudence."  Id.  "A federal court may not

24 overrule a state court for simply holding a view different from its own, when the precedent from [the

25 Supreme] Court is, at best, ambiguous."  Mitchell v. Esparza, 540 U.S. 12, 17 (2003).  If there is no

26 Supreme Court precedent that controls on the legal issue raised by a petitioner in state court, the state

27 court's decision cannot be contrary to, or an unreasonable application of, clearly-established federal

28 law.  See, e.g., Stevenson v. Lewis, 384 F.3d 1069, 1071 (9th Cir. 2004).

**United States District Court**
For the Northern District of California

3

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8

The Supreme Court had set forth a fact-intensive inquiry to determine whether constitutional rights were violated "obviates neither the clarity of the rule nor the extent to which the rule must be seen as 'established'" by the Supreme Court. <u>Williams</u>, 529 U.S. at 391.  There are, however, areas in which the Supreme Court has not established a clear or consistent path for courts to follow in determining whether a particular event violates a constitutional right; in such an area, it may be that only the general principle can be regarded as "clearly established." <u>Andrade</u>, 538 U.S. at 64-65. When only the general principle is clearly established, it is the only law amenable to the "contrary to" or "unreasonable application of" framework. <u>See</u> <u>id.</u> at 73.

9
10
11
12
13

Circuit decisions may still be relevant as persuasive authority to determine whether a particular state court holding is an "unreasonable application" of Supreme Court precedent or to assess what law is "clearly established." <u>Clark v. Murphy</u>, 331 F.3d 1062, 1070-71 (9th Cir.), <u>cert. denied</u>, 540 U.S. 968 (2003); <u>Duhaime v. Ducharme</u>, 200 F.3d 597, 600 (9th Cir. 1999).

14

### 2.     **"Contrary to"**

15
16
17
18
19
20
21
22

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." <u>Williams</u>, 529 U.S. at 413.  A "run-of-the-mill state-court decision" that correctly identifies the controlling Supreme Court framework and applies it to the facts of a prisoner's case "would not fit comfortably within § 2254(d)(1)'s 'contrary to' clause." <u>Williams</u>, 529 U.S. at 406.  Such a case should be analyzed under the "unreasonable application" prong of § 2254(d). <u>See</u> <u>Weighall v. Middle</u>, 215 F.3d 1058, 1062 (9th Cir. 2000).

23

### 3.     **"Unreasonable Application"**

24
25
26

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." <u>Williams</u>, 529 U.S. at 412-13.

27
28

"[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law

4

erroneously or incorrectly.  Rather, that application must also be unreasonable."  Id. at 411; accord Middleton v. McNeil, 541 U.S. 433, 436 (2004) (per curiam) (challenge to state court's application of governing federal law must be not only erroneous, but objectively unreasonable); Woodford v. Visciotti, 537 U.S. 19, 25 (2002) (per curiam) ("unreasonable" application of law is not equivalent to "incorrect" application of law).

Evaluating whether a rule application was unreasonable requires considering the relevant rule's specificity; if a legal rule is specific, the range of reasonable judgment may be narrow; if it is more general, the state courts have more leeway.  Yarborough v. Alvarado, 541 U.S. 652, 664 (2004). Whether the state court's decision was unreasonable must be assessed in light of the record that court had before it.  Holland v. Jackson, 542 U.S. 649, 651 (2004) (per curiam).

The objectively unreasonable standard is not a clear error standard.  Andrade, 538 U.S. at 75-76 (rejecting Van Tran's use of "clear error" standard); Clark, 331 F.3d at 1067-69 (acknowledging the overruling of Van Tran on this point).  After Andrade,

> [T]he writ may not issue simply because, in our determination, a state court's application of federal law was erroneous, clearly or otherwise.  While the "objectively unreasonable" standard is not self-explanatory, at a minimum it denotes a greater degree of deference to the state courts than [the Ninth Circuit] ha[s] previously afforded them.

Id.  In examining whether the state court decision was unreasonable, the inquiry may require analysis of the state court's method as well as its result.  Nunes v. Mueller, 350 F.3d 1045, 1054 (9th Cir. 2003).

**B.**     **Section 2254(d)(2)**

A federal habeas court may grant a writ if it concludes a state court's adjudication of a claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  An unreasonable determination of the facts occurs where the state court fails to consider and weigh highly probative, relevant evidence, central to petitioner's claim, that was properly presented and made part of the state court record.  Taylor v. Maddox, 366 F.3d 992, 1005 (9th Cir. 2004).  A district court must presume correct any determination of a factual issue made by a state court unless the petitioner rebuts the

presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

**II.**     **Petitioner's Claims**

    **A.**     **Due Process**

Petitioner claims that the Board's decision violated due process because of its continued reliance on the unchanging circumstances of his commitment offense.  Petitioner also contends that the Board's finding that he required more self-help is not supported by the record.  (Pet. at 6.)

The state superior court concluded that the Board's decision comported with due process in that there was some evidence that Petitioner's commitment offense was "especially cruel, demonstrated an exceptionally callous disregard for human suffering, and that the motive was inexplicable."  The state court also concluded that there was some evidence to support the Board's finding that Petitioner needs to participate in further self-help programming.  (Ans., Ex. 2.)

The Board's denial of parole complies with due process provided that there is "some evidence" to support its decision.  As the Supreme Court has explained, a parole board's decision deprives a prisoner of due process if the Board's decision is not supported by "some evidence in the record," or is "otherwise arbitrary."  See Sass v. California Bd. of Prison Terms, 461 F.3d 1123, 1129 (9th Cir. 2006) (adopting "some evidence" standard for disciplinary hearings outlined in Superintendent v. Hill, 472 U.S. 445, 454-55 (1985)); see also McQuillion v. Duncan, 306 F.3d 895, 904 (9th Cir. 2002) (same).  Additionally, the evidence underlying the Board's decision must have "some indicia of reliability."  See McQuillion, 306 F.3d at 904.  Accordingly, if the Board's determination with respect to parole suitability is to satisfy due process, such determination must be supported by some evidence having some indicia of reliability.  Rosas v. Nielsen, 428 F.3d 1229, 1232 (9th Cir. 2005); McQuillion, 306 F.3d at 904.

In assessing whether there is "some evidence" to support the Board's denial of parole, this Court must consider the regulations that guide the Board in making its parole suitability determinations.  Pursuant to such regulations, "[t]he panel shall first determine whether the life prisoner is suitable for release on parole[;] [r]egardless of the length of time served, a life prisoner shall be found unsuitable for and denied parole if in the judgment of the panel the prisoner will pose

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1  an unreasonable risk of danger to society if released from prison."  15 Cal. Code Regs. § 2402(a).

2  Additionally, the regulations enumerate various circumstances tending to indicate whether or not an

3  inmate is suitable for parole.  Id., § 2402(c)-(d).  One circumstance tending to show an inmate's

4  unsuitability is that the crime was committed in an "especially heinous, atrocious or cruel manner."

5  Id., § 2402(c).  Two factors that the parole authority may consider in determining whether such a

6  circumstance exists are whether "[t]he offense was carried out in a manner that demonstrates an

7  exceptionally callous disregard for human suffering," and whether "[t]he motive for the crime is

8  inexplicable or very trivial in relation to the offense."  Id., § 2402(c)(1)(D) & (E).  In addition to

9  these factors, the Board is to consider "all relevant, reliable information available," when deciding

10  whether to grant parole.  Id., § 2402(b).

11       It is now established under California law that the task of the Board is to determine whether

12  the prisoner would be a danger to society if he or she were paroled.  See In re Lawrence, 44 Cal. 4th

13  1181 (2008).  Consequently, the constitutional "some evidence" requirement is that there exists some

14  evidence that the prisoner constitutes such a danger, not simply that there exists some evidence of one

15  or more of the factors listed in the regulations as considerations appropriate to the parole

16  determination.  Id. at 1205–06.

17

18       The Court notes that a parole authority's continued reliance on the circumstances of the

19  commitment offense as the sole basis for denying parole can, over time, raise due process concerns.

20  See Biggs v. Terhune, 334 F.3d 910, 916 (9th Cir. 2003).  "[I]n some cases, indefinite detention based

21  solely on an inmate's commitment offense, regardless of the extent of his rehabilitation, will at some

22  point violate due process, given the liberty interest in parole that flows from the relevant California

23  statutes."  Irons v. Carey, 505 F.3d 846, 854 (9th Cir. 2007).

24       Here, the Court cannot say the state court was unreasonable in concluding there is some

25  evidence to support the Board's decision that Petitioner would be a danger to society if released based

26  on the circumstances of his commitment offense, his psychological report, and the opposition of law

27  enforcement to the granting of parole.

28       As to the circumstances of the commitment offense, some evidence exists to support the

7

United States District Court

For the Northern District of California

1   Board's finding that the commitment offense "was carried out in an especially cruel and callous

2   manner" as evidenced by the fact that "the victim was mutilated by the amount of times he was

3   stabbed."  The Board's finding that "[t]he offense was carried out in a manner that demonstrates an

4   exceptionally callous disregard for another human being" and that the motive for the crime was

5   "inexplicable" are supported by evidence that Petitioner was motivated to murderous rage because the

6   victim informed Petitioner that he (the victim) did not have any more cocaine, and Petitioner ended

7   up stabbing the victim so forcefully that the knife broke.  (Id. at 60.)  Based on this record of violence

8   born out of a drugged rage over drugs, the Court finds some evidence exists to support the Board's

9   finding that the circumstances of the commitment offense indicate Petitioner remained unsuitable for

10  parole in 2004.

11      In addition to the circumstances of the commitment offense, the Board's decision is supported

12  by some evidence in the form of Petitioner's latest psychological report, and the opposition of the

13  district attorney to parole.  In Petitioner's latest psychological report, the examining psychologist

14  indicated that Petitioner needed further programming, stating that Petitioner, who had a history of

15  drug and alcohol abuse, "would benefit from continued attendance in Narcotics Anonymous and

16  Alcoholics Anonymous and/or periodic drug testing as a mandatory condition of parole," evidence

17  that runs contrary to Petitioner's claim that the Board's finding that he required more self-help was

18  without support.  Also, a representative of the Los Angeles District Attorney, who appeared at the

19  hearing, voiced his office's opposition to the granting of parole, and the Board noted a letter from the

20  Los Angeles Sheriff's Department stating its opposition to parole.  (Id. at 50-51, 55.)

21

22      From this record, it appears that the Board made a comprehensive decision based on an

23  individualized assessment of the particular facts of Petitioner's case, including the circumstances and

24  other relevant considerations.  Furthermore, because the Board's decision shows that it considered

25  many factors -- Petitioner's psychological report, which revealed his need for continued

26  programming, and the opposition of law enforcement to parole  -- Petitioner's claim that the Board

27  relied solely on  the circumstances of the commitment offense is without merit.  Accordingly,

28  Petitioner is not entitled to habeas relief on this claim.

**B.     Term Setting**

Petitioner contends that the Board failed to consider term setting:  "At no time during the hearing or prior hearings has the Board considered the term calculated by the matrix and time already served into the suitability equation."  (Pet. at 6.)  The state superior court apparently did not rule on this claim.

Petitioner's claim is without merit.  The Board is not required to consider the sentencing matrix when considering Petitioner's suitability for parole.  Petitioner's suitability for parole involves a determination of Petitioner's present dangerousness, not the proportionality of his sentence.  "Regardless of the length of time served, a life prisoner shall be found unsuitable for and denied parole if in the judgment of the panel the prisoner will pose an unreasonable risk of danger to society if released from prison."  15 Cal. Code Regs. § 2402(a).  In fact, the Board is under no duty to set a term, or determine a parole release date, once it has determined that a prisoner is unsuitable for parole.  In re Dannenberg, 34 Cal.4th 1069, 1071 (2005).  Because the Board found Petitioner unsuitable for parole, it need not have considered term setting.  Accordingly, Petitioner is not entitled to habeas relief on this claim.

## CONCLUSION

Because the record contains, at a minimum, some evidence to support the Board's finding that Petitioner would present an unreasonable risk of danger to society if released, and because Petitioner has made an insufficient showing as to his entitlement to relief on his other claims, the Court finds the state court's determination was neither contrary to nor an unreasonable application of clearly established Supreme Court precedent, nor can the Court say it was based on an unreasonable determination of the facts.  Accordingly, the petition for a writ of habeas corpus is DENIED as to all claims.  The Clerk of the Court shall enter judgment, terminate all pending motions, and close the file.

**IT IS SO ORDERED**.

DATED: 5/11/09

_Saundra B Armstrong_
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

GREGORY L. PAYNE,

        Plaintiff,

  v.

B. CURRY et al,

        Defendant.

_____/

Case Number: CV06-05310 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 21, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gregory L. Payne D72559
PO Box 689
Soledad, CA 93960

Dated: May 21, 2009

                             Richard W. Wieking, Clerk
                             By: LISA R CLARK, Deputy Clerk

**United States District Court**
For the Northern District of California